Board of Education of High School District No. 88, Plaintiff, v. Joseph J. Duffy Co., a Corporation, Defendant.

The Perkins and Will Partnership, Third Party Plaintiff-Appellant, v. Joseph J. Duffy Co., a Corporation, Third Party Defendant-Appellee.

On Appeal of The Perkins and Will Partnership, Third Party Plaintiff-Appellant.

Gen. No. 67–175.

Second Judicial District.

August 22, 1968.

Jacobs and Spencer, of Villa Park, and Tom L. Yates, of Chicago, for appellant.

William L. Lamey and R. A. Michael, of Chicago, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

This is an appeal by The Perkins and Will Partnership from an order dismissing its third-party complaint.

In 1956, the plaintiff, Board of Education, entered into a contract with the defendant, The Perkins and Will Partnership (herein referred to as Perkins), requiring Perkins to perform architectural services in connection with the erection of a high school building. These services included the design of the building and the supervision of construction. Thereafter, on October 15, 1957,

the plaintiff entered into an agreement with Joseph J. Duffy Co. (herein referred to as Duffy) for the construction of the high school building. It is undisputed in the record that Duffy had completed its general contract prior to December 31, 1959. After taking occupancy of the building, plaintiff allegedly discovered numerous defects in the design and construction of the building and its appurtenances.

On February 1, 1966, plaintiff filed a multicount complaint against both Perkins and Duffy for damages (this appeal does not involve the plaintiff's complaint against Duffy). Essentially, the plaintiff sought damages against Perkins on two separate theories: (1) breach of its contract properly to design the building and supervise its construction, and (2) negligence in its design of the building and the supervision of its construction. In its answer to the negligence count, Perkins affirmatively pleaded, inter alia, that recovery would be barred by reason of the Statute of Limitations (Ill Rev Stats, c 83, § 16) since suit was not commenced within five years after the alleged negligence. It is not contended that limitations would apply to plaintiff's breach of contract theory.

With leave of court, Perkins thereafter filed a third-party complaint for indemnity against Duffy, the crux of which is set forth in Paragraph 5 thereof:

> "5. The damage, if any, so complained of by the plaintiff was the result of the active and primary carelessness and negligence of the third-party defendant, Joseph J. Duffy Construction Co., in the construction of York Community High School building and the negligence or default, if any, of The Perkins & Will Partnership, in carrying out their duties under said agreement of July 10, 1956, was passive or secondary only."

Duffy responded with a motion to dismiss the third-party complaint, alleging:

"1. To the extent that Count II of Plaintiff's complaint against Third-Party Plaintiff sounds in tort for negligent damage to property, and constitutes the basis for the Third-Party Complaint for indemnity against this third-party defendant, the said cause of action is barred, not having accrued to the Plaintiff at any time within five (5) years of the commencement of Plaintiff's suit, in accordance with the provisions of Illinois Revised Statutes, Ch 83, Sec 16.

"2. To the extent that Plaintiff's complaint against Third-Party Plaintiff sounds exclusively in contract, the Third-Party Complaint is substantially insufficient in law in that it fails to allege any contract of indemnity or other contractual relationship between the Third-Party Plaintiff and the Third-Party Defendant."

From an order sustaining Duffy's motion to dismiss the third-party complaint, Perkins has filed this appeal. We conclude that the trial court properly dismissed the third-party complaint.

Insofar as the plaintiff's claim against Perkins is based on alleged negligence, the claim would be barred by the statute of limitations if such defense were not waived, notwithstanding that the negligence may not have been discovered until recently before the filing of the suit. As applicable here the period of limitations commences when the negligent act takes place, and is not tolled by the plaintiff's ignorance of his injury. Simoniz Co. v. J. Emil Anderson & Sons, Inc., 81 Ill App2d 428, 437–438, 225 NE2d 161 (1967) ; Mosby v. Michael Reese Hospital, 49 Ill App2d 336, 341–342, 199 NE2d 633 (1964). Indeed, the parties have conceded, at least for the purposes of this appeal, that limitations bar the negligence claim against Perkins, but neither party contends that limitations would apply to bar plaintiff's recovery on breach of a written contract.

Although Perkins chose to raise this defense to the negligence theory by way of answer, logic dictates that Duffy nevertheless has a right to resist the third-party complaint *by motion,* setting forth that since plaintiff is barred from asserting a negligence claim against Perkins, Perkins in turn would have no basis to ask for indemnity against Duffy. Under section 25(2) of the Civil Practice Act, a third-party defendant "may assert any defenses which he has to the third-party complaint *or which the third-party plaintiff has to the plaintiff's claim . . . .*" Ill Rev Stats, c 110, § 25(2). (Emphasis added.) A contrary rule would require a third-party defendant to remain in a case through the conclusion of the trial simply because the third-party plaintiff chose not to utilize an absolute defense during the pretrial proceedings.

We conclude, therefore, that no third-party action would lie against Duffy to indemnify Perkins for liability arising out of plaintiff's negligence count, inasmuch as said count is barred by limitations. The rationale of this decision would authorize the trial court to dismiss the complaint against Perkins insofar as the negligence theory is concerned.

On the other hand, no question of limitations has arisen in connection with plaintiff's breach of contract theory against Perkins. The question, then, is whether a breach of contract complaint against Perkins can be the basis for a third-party action against Duffy for indemnification. The trial court necessarily held that it cannot, and we agree. Our research discloses no authority—and Perkins cites none—for the proposition that liability for breach of contract might entitle the wrongdoer to indemnity from a third party who was a stranger to the contract and who had not contractually undertaken to indemnify the wrongdoer. We are not here concerned with the situation where the third-party defendant has no contractual relationship with the third-party plaintiff, but is nevertheless liable for indemnification on an active-

passive theory of negligence. Such an analysis presupposes that the third-party plaintiff was initially held liable in negligence, and in the instant case the statute of limitations prevents Perkins from being liable in negligence, assuming Perkins does not abandon that defense.

■ Perkins contracted with the plaintiff to design a suitable building and to supervise the performance of the eventual contractor. Perkins' liability, if any, would be founded in its failure to carry out this agreement. Assuming that the liability was in the failure to supervise, and that this failure permitted defective construction to go unnoticed, would this render Duffy liable to indemnify Perkins? We think not, for Perkins' breach was in *its* failure to supervise, and not in the fact that *the contractor* may have performed in an unworkmanlike manner. Thus, Duffy did not cause Perkins to breach its contract, assuming it is proven that Perkins breached its contractual obligation to supervise. Perkins itself would have breached its contract, and we see no reason to hold that it could be indemnified for the resultant liability from someone else who may have breached a different agreement with a different party. The undertaking of Perkins was quite different from that of Duffy.

In its brief, Perkins argues that the breach, if any, of its contractual duties to the plaintiff would lie in the negligent or careless performance of its contract, and that its liability would be founded in tort rather than breach of contract. Perkins reasons, therefore, that the right of indemnification against Duffy is not lost since it, Perkins, is at most a passive tortfeasor while Duffy's misconduct was actively tortious. To support this reasoning, Perkins cites Butterman v. Chamales, 73 Ill App2d 399, 220 NE2d 81 (1966), where it was held that an attorney's carelessness in protecting his client sounded in tort for negligence as opposed to breach of contract, and, therefore, did not survive the defendant's death. Similarly, attention is directed to 86 CJS, Torts, 924,

163

where it is said that the breach of an implied duty to use reasonable care in performing a contract may constitute a tort.

We need not decide whether Perkins' alleged failure properly to perform its contract is in fact a tort, for under either view there would be no right of indemnity against Duffy under the facts presented. If Perkins' conduct toward the plaintiff sounds in tort, then Perkins could avail itself of the statute of limitations, as previously noted, and Duffy is similarly free to raise this defense by motion to dismiss the third-party complaint against it. On the other hand, if Perkins' alleged wrong is founded in breach of contract, it would have no right of indemnification against a stranger to the contract, and with whom it had no contractual relationship, as hereinabove discussed. Consequently, it is unnecessary to determine in this case whether that count in plaintiff's complaint sounding in contract merely duplicates the allegations based on negligence, since under either theory the dismissal of the third-party complaint would be proper.

We hold, therefore, that the trial court properly dismissed the third-party complaint against Duffy, and the judgment is affirmed.

Affirmed.

DAVIS and MORAN, JJ., concur.