**Margarita LOPEZ, Plaintiff,**

v.

**BRACKETT STRIPPING MACHINE COMPANY, Inc., Defendant and Third-Party Plaintiff,**

v.

**BROCK AND RANKIN, a Corporation, Third-Party Defendant.**

**No. 68 C 1228.**

United States District Court
N. D. Illinois, E. D.

Aug. 29, 1969.

J. Richard Kulerski of Potter & Kulerski & John V. Virgilio, Chicago, Ill., for plaintiff.

John E. Guy, of Ruff and Grotefeld, Chicago, Ill., for defendant and third party plaintiff.

John R. Caffrey and Frank L. Schneider, of Clausen, Hirsh, Miller & Gorman, Chicago, Ill., for third party defendant.

## MEMORANDUM ORDER

NAPOLI, District Judge.

On July 5, 1967, the plaintiff Lopez while attempting to clean a book trimming machine manufactured by the defendant Brackett Stripping Machine Co. had four fingers severed from her hand. In her amended complaint she alleged that the defendant had designed and manufactured an unsafe machine and had failed to add safety devices, to give due warning and to provide instruction as to the safe use of the machine. The defendant Brackett has filed a third party complaint against Brock and Rankin, plaintiff's employer, for indemnification of any judgment against Brackett on the theory that any such judgment would be based on Brackett's passive negligence, whereas active negligence can only be attributed to Brock and Rankin. The third party complaint alleges that Brock and Rankin failed to provide the tools as prescribed by Brackett to clean the machine, failed to add safety devices, to give due warning and to provide instruction as to the safe use of the machine. Brock and Rankin was also described as an independent intervening agent. Brock and Rankin moved to dismiss the third party complaint for failure to state a claim upon which relief can be granted.

■■ Both parties agree that there must be a qualitative distinction between the negligence of the two tortfeasors in order to support an action for indemnity in Illinois, a state in which contribution among joint tortfeasors is not allowed. Chicago & Illinois Midland Ry. v. Evans Construction Co., 32 Ill.2d 600, 208 N.E. 2d 573, 19 A.L.R.3d 921 (1965); Muhlbauer v. Kruzel, 39 Ill.2d 226, 234 N.E.2d 790 (1968). However, the third party complaint does not allege any more active negligence than that which would support a judgment against Brackett on plaintiff's claim. Brackett advances the theory that any judgment against it would be based on strict liability without any proof of affirmative acts on Brackett's part. If that were the basis of judgment, there would necessarily be a finding that Brackett's product was defective when it left its control, either because it continues to run after being shut off or for some other reason. We would not characterize a judgment of that kind

as a finding of only passive, secondary or merely technical negligence so as to allow an action for indemnity in Illinois. See Board of Education of High School Dist. No. 88 v. Joseph J. Duffy Co., 97 Ill.App.2d 158, 240 N.E.2d 5 (1968); Chicago Burlington & Quincy Ry. v. Admiral-Merchants Motor Freight Inc., 397 F.2d 472 (7th Cir.1968).

In accordance with the foregoing, the motion of the third party defendant, Brock and Rankin, to dismiss the third party complaint should be and the same is hereby granted. The third party complaint is dismissed.