Olaf Carlson, d/b/a Maple Realtors, Plaintiff, v. Jean Collander, Defendant and Counterdefendant-Appellant, and Don Derrico, Defendant and Counterplaintiff-Appellee.

Gen. No. 53,425.

First District, Fourth Division.

June 10, 1970.

Rehearing denied July 28, 1970.

Gatenbey, Spuller, Law & Johnson, of Chicago (Fred H. Law, Jr., Philip J. R. Equi, and William F. Rickelman, of counsel), for defendant and counterdefendant-appellant.

Albert Koretzky, of Chicago, for defendant and counterplaintiff-appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court as modified on denial of counterdefendant's petition for rehearing.

Counterdefendant appeals from a judgment against her and in favor of counterplaintiff for damages of $5,000 arising from counterdefendant's failure and refusal to complete the sale of certain real estate pursuant to an option contract. The sole issue presented for our review is whether counterplaintiff is legally entitled to recover the entire amount awarded as damages.

The original complaint in this action was filed by plaintiff, Olaf Carlson, d/b/a Maple Realtors (who is not a party to this appeal) seeking a commission for having negotiated a real estate transaction between counter-

plaintiff and counterdefendant. Counterdefendant (as defendant in the original action) then filed a motion to dismiss as to her, which was granted. Counterplaintiff (as the other defendant in the original action) filed an answer to plaintiff's complaint in which he denied entering into any oral agreement with plaintiff to negotiate the sale of the property and pay plaintiff a commission. He admitted entering into an option contract with counterdefendant to purchase the subject real estate and notifying counterdefendant of his intention to exercise the option.

Counterplaintiff also filed a counterclaim against counterdefendant seeking damages in the sum of $5,000, plus interest and costs, for her failure and refusal to enter into a contract of sale of the subject property on counterplaintiff's exercise of his option. Counterdefendant's answer to the counterclaim admitted the existence of the option contract and receipt of counterplaintiff's notice exercising the option, but denied that counterplaintiff was entitled to any damages.

At the close of the testimony, the court entered three judgments: (1) for plaintiff against counterplaintiff with damages in the amount of $2,500, (2) for counterdefendant against plaintiff for costs, and (3) for counterplaintiff against counterdefendant with damages in the amount of $5,000. On appeal, counterdefendant challenges only the amount of damages awarded in counterplaintiff's favor.

The parties agree that the rule concerning the measure of damages to be awarded for the instant breach of contract is properly set out in 15 ILP, Damages (1968), § 33, where it is stated at pages 379–80:

> The damages recoverable for a breach of contract are such as may fairly and reasonably be considered as naturally arising from the breach thereof, in the

light of the facts known or which should have been known, or such as may reasonably be supposed to have been within the contemplation of the parties at the time of making the contract as a probable result of a breach thereof; it need not be shown that the parties considered the consequences of a breach at the time the contract was made, but the consequences must be such as the parties may fairly be supposed to have considered, or at least would have considered had they been informed of all the facts.

■ There is also a concurrence of opinion as to the proof offered at trial of several elements of foreseeable damage. These include proof of legal fees and expenses incurred, the cost of establishing a land trust, and the value of counterplaintiff's own efforts in researching the instant venture. Depending on the per hour variable (set at between $10 and $15) used in computing the worth of counterplaintiff's time, the damages awarded for these enumerated expenses, based on counterplaintiff's testimony, could range from $2,265 to $2,775. Counterdefendant's sole objection to this aspect of the award is that the attorney's fee, estimated at $1,125, when based upon the minimum fee schedule adopted by the Board of Governors of the Illinois State Bar Association, should be revised downward to reflect the failure of the parties to consummate the instant transaction. Even if we were to make such an adjustment, we believe that the evidence, with a fair degree of probability, nevertheless establishes $2,500 as a proper assessment of damages for these items. See Barnett v. Caldwell Furniture Co., 277 Ill 286, 289, 115 NE 389.

■ The gravamen of counterdefendant's complaint on this appeal concerns the remaining $2,500 assessed as damages, representing the broker's commission adjudged

by the court to be owed plaintiff by counterplaintiff. Counterdefendant's initial argument is that since counterplaintiff did not include the broker's commission as a specific item of damages in his countercomplaint, the matter could not be considered as such by the trial court, nor can the theory be asserted upon review. Consoer, Townsend and Associates v. Addis, 37 Ill App2d 105, 185 NE2d 97. We reject this contention, based upon the substance of the counterclaim. There, it alleged that counterdefendant "failed and refused to enter into the contract" and "by reason thereof and of the necessary expenses incurred" he should be reimbursed with damages in the amount of $5,000. This general allegation of damages serves as a sufficient basis for allowance to counterplaintif of all damages accruing to him as a result of counterdefendant's failure to abide by her contract. This includes counterplaintiff's adjudicated liability to plaintiff in the amount of $2,500 as damages arising from counterplaintiff's failure to pay plaintiff a brokerage commission. Counterplaintiff filed a notice of appeal from that judgment but did not pursue that appeal in this court.

Counterdefendant urges for the first time in her reply brief that because plaintiff's right to a broker's commission was (by the terms of the agreement between plaintiff and counterplaintiff) dependent upon completion of the transaction, plaintiff had not earned his commission in this instance. Since counterdefendant has appealed solely from the judgment against her for damages to counterplaintiff, this contention would appear to be the raising of a collateral attack upon a judgment which has become final and binding upon this court. In any event, however, we are governed by the principle that a reviewing court will not consider an issue raised for the first time in a reply brief. Ill Rev Stats 1967, c 11A, § 341(g); Haffa v. Haffa, 115 Ill App2d 467, 476, 253

240

NE2d 507; Nielsen v. Duyvjonck, 94 Ill App2d 224, 230, 236 NE2d 743. The essence of this contention, however, is that of a collateral attack upon a judgment from which no appeal has been taken and which has therefore become final and binding upon this court.

■ Counterdefendant further asserts that her damages cannot be affected by a contract entered into between counterplaintiff and plaintiff. This point, too, is without merit in the light of the transcript before us. Plaintiff testified that counterdefendant told him that "his commission would have to come from the purchaser." Similarly, counterdefendant testified that plaintiff told her "he thought he had a client who would take care of his commission." Thus, counterdefendant entered into the option contract anticipating that counterplaintiff would incur an obligation to pay a broker's commission. Since the court then entered judgment in favor of plaintiff for such a commission, we conclude that the court properly found that counterdefendant's default under her contract rendered her liable to counterplaintiff for that amount as an element of damages.

Accordingly, the judgment of the Circuit Court in favor of counterplaintiff and against counterdefendant is affirmed.

Affirmed.

STAMOS, P. J. and DRUCKER, J., concur.