CASE PRESTRESSING CORP. *et al.*, Plaintiffs, *v.* CHICAGO COLLEGE OF OSTEOPATHIC MEDICINE *et al.*, Defendants—(George A. Fuller Company, Defendant and Third-Party Plaintiff-Appellant, *v.* Chicago College of Osteopathic Medicine *et al.*, Third-Party Defendants-Appellees).

First District (4th Division)   No. 82—2887

Opinion filed September 29, 1983.—Rehearing denied November 10, 1983.

Wildman, Harrold, Allen & Dixon, of Chicago (Robert E. Kehoe, Jr., of counsel), for appellant.

Thomas A. Foran, Stephen A. Gorman, Jeff D. Harris, and Jeffrey C. Blumenthal, all of Chicago (Foran, Wiss & Schultz, of counsel), for appellee Chicago College of Osteopathic Medicine.

Frank M. Covey, Jr., John R. Doyle, and Barbara J. Leff, all of Chicago (McDermott, Will & Emery, of counsel), for appellee Schmidt, Garden & Erikson.

PRESIDING JUSTICE ROMITI delivered the opinion of the court:

Third-party plaintiff-appellant George A. Fuller Company (Fuller) was the contractor on a project for Chicago College of Osteopathic Medicine (the college). Schmidt, Garden & Erikson was the architect (the architect.) After completion of the project, the college sued Fuller in Federal court for breach of contract; Fuller counterclaimed against the college for breach of contract and filed a claim against the college for breach of contract and filed a claim against the architect for causing it to suffer delay damages. Claims relating to damages suffered by subcontractors were withdrawn from the case by stipulation and demand of the college and the architect. The jury returned verdicts for all defendants on all the claims. Thereafter, one of the subcontractors filed a claim in State court against Fuller for damages resulting from being delayed in performing its subcontract work. Fuller then filed this third-party action against the college and the architect. The trial court dismissed on grounds of collateral estoppel and apparently

*res judicata* and also indicated that it believed the third-party complaint did not state a cause of action. It denied a motion for leave to amend the complaint because of its belief that the State action was barred by the prior Federal action. We reverse, holding that the State action is not barred since the parties withdrew the claims in question and in light of the general verdict there is no specific finding upon which a holding of collateral estoppel could be based. Since it appears from the record that the trial court would otherwise have allowed the motion to amend the complaint, we remand the case to the trial court for further proceedings including the desired amendment of the complaint. However we believe that the present complaint does state a valid cause of action against the owner.

The college filed its suit in Federal court in 1975 seeking damages for Fuller's alleged breach of construction contract. Fuller, as already noted, filed a counterclaim against the college and a third-party claim against the architect. It claimed that due to alleged breaches of the construction contract by the college and the negligent acts, errors, omissions and breaches of contract by the architect, it was delayed and hindered in its contract; and was damaged in the amount of $1,992,944. Initially, one of its claims was that due to defendants' conduct it might be liable to subcontractors. Fuller also filed to foreclose its mechanics' lien. Accordingly, as required by law, all other lien claimants were joined as additional counterdefendants and they, in turn, filed their lien claims. It was provided by stipulation that the claims of Fuller, the college and the architect among themselves would be tried before a jury and that thereafter the issue raised by the subcontractor claims would be tried by the court. Thereupon counsel for the college and the architect demanded that:

"I also think that some of the claims that are contained in there are some of the subcontractors' claims which we are going to hear in the next portion of the trial, Mr. Hoffman, Mr. Reliable, and therefore those should not be included in any damage claim by Fuller. Those are going to be adjudicated in the subsequent hearing."

Therefore it would appear that the issue of Fuller's potential liability as it related to subcontractors was not submitted to the jury. The jury returned general verdicts for all the defendants on all the claims.

Reliable Welding, the subcontractor involved in the action, withdrew its claim and refiled it in the State court. One subcontractor, Hoffman, did proceed to a bench trial in the Federal court. The trial court found all three parties, Fuller, the college and the architect to be responsible for the delays as to Hoffman. Fuller's conduct which

caused the delay apparently consisted of instructing the subcontractor to remove the backfill which ordinarily would have been there. While the Federal court denied Fuller's claim over against the college and the architect it did so only on the ground that following *Board of Education v. Joseph J. Duffy Co.* (1968), 97 Ill. App. 2d 158, 240 N.E.2d 5, and *Talandis Construction Corp. v. Illinois Building Authority* (1974), 23 Ill. App. 3d 929, 321 N.E.2d 154, indemnity could not be had for contract damages. It did hold that the prior jury verdicts did not bar the contractor's claim for indemnification.

After Reliable filed its claim for delay damages, Fuller filed its present action against the college and the architect. While the complaint against the college is quite lengthy and detailed it is accurately summarized by defense counsel: "If we [Fuller] are liable to Reliable, it's because the college breached its contract with us," that is, any delays were the direct and proximate result of the college's acts in breach of its contract with Fuller and not due to any active conduct by Fuller. Fuller's claim against the architect seems to be based both on the college's contract with Fuller, to which it does not appear the architect was a party, and in tort based solely on a general duty to exercise due care to avoid harming the interests of Fuller and its subcontractors.

I

■ The doctrine of collateral estoppel bars the litigating of the same issue twice. But it is only applicable when the issue was actually and necessarily litigated and determined in the first actions. (*Kemling v. Country Mutual Insurance Co.* (1982), 107 Ill. App. 3d 516, 437 N.E.2d 1253; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831; *Pipitone v. Mandala* (1962), 33 Ill. App. 2d 461, 180 N.E.2d 33.) In order for a former judgment to operate as an estoppel, there must have been a finding of a specific, material and controlling fact in the former case and it must conclusively appear that the issue of fact was so in issue that it was necessarily determined by the court rendering the judgment; if there is any uncertainty because more than one distinct issue of fact was presented, estoppel will not be applied. (*Lange v. Coca-Cola Bottling Co. of Chicago, Inc.* (1969), 44 Ill. 2d 73, 254 N.E.2d 467; *Haack v. Lindsay Light & Chemical Co.* (1946), 393 Ill. 367, 66 N.E.2d 391; *Hoffman v. Hoffman* (1928), 330 Ill. 413, 161 N.E. 723; *Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831; *Siebach v. Pienta* (1978), 60 Ill. App. 3d 645, 377 N.E.2d 393.) Thus where, as here, issues of both liability and damages

are sent to the jury and the jury simply returns a general verdict, estoppel will not be applied since it is not certain whether the jury found against plaintiff on liability or on damages or both. *Fountas v. Breed* (1983), 118 Ill. App. 3d 669; *Stephan v. Yellow Cab Co.* (1975), 30 Ill. App. 3d 996, 333 N.E.2d 223.

## II

■ Normally where the parties and causes of action are the same in the two lawsuits, the claimant is barred by the doctrine of *res judicata* from raising those matters relating to the same cause of action which were raised or which might have been raised and determined in the first suit. (*Baird & Warner, Inc. v. Addison Industrial Park, Inc.* (1979), 70 Ill. App. 3d 59, 387 N.E.2d 831.) Defendants contend that the same cause of action was involved in both cases in that they arose out of a single group of operative facts (*Baird & Warner*); namely, whether they breached the contract causing delay and thereby injuring Fuller. Fuller, on the other hand, correctly points out that more than one action may arise from contract (*Baird & Warner*; *Turzynski v. Liebert* (1976), 39 Ill. App. 3d 87, 350 N.E.2d 76), and of course the issue in the present case is not whether, as in the Federal trial, the contract was breached in such a fashion that Fuller was injured but whether it was breached in such a way as to render Fuller liable to Reliable. We need not, however, decide if this distinction is sufficient to give rise to a separate cause of action. It seems clear that where the parties agree to withdraw a particular claim from determination, the doctrine of *res judicata* will not be applied to bar its later litigation. (*Baron v. Coronet Insurance Co.* (1977), 47 Ill. App. 3d 95, 361 N.E.2d 799; *Schmisseur v. Rebhan* (1938), 294 Ill. App. 172, 13 N.E.2d 627.) That is precisely what occurred in the Federal court. Not only did the parties stipulate that issues raised by the subcontractors' claims would not be tried by the jury, but counsel for the college and the architect demanded that Fuller's claims based on its potential liability not be included in any damage claim of Fuller going to the jury as those would be adjudicated in the subsequent hearing. Fuller may not be entitled to two days in court but it is entitled to one and to date it has not, as to particular claims, had an opportunity to litigate its rights.

## III

The modern tendency in Illinois is to try to lace the ultimate liability for a loss in whole or in part where logic suggests such liability really belongs—usually against the more negligent party or parties.

(See, for example, discussion in Kissel, *Developments in Third Party Practice—Contribution and Indemnity*, 71 Ill. B.J. 654 (1983).) Defendants claim that Fuller's complaint cannot state a cause of action because:

(a) Fuller's own conduct precludes indemnification as a matter of law;

(b) as a matter of law, absent an express indemnification agreement, a stranger to a contract cannot be required to indemnify one of the parties to that contract for damages arising out of a breach of that contract;

(c) Fuller cannot assert a breach of contract claim against the architect because the architect owed no contractual obligations to Fuller.

### (a)

■ Fuller's complaint alleged that any losses were not the result of any active conduct of Fuller but were due to the college's and architect's acts and omissions. The defendants do not contend that these allegations are insufficient to set forth a claim for recovery by a passive wrongdoer over against an active wrongdoer. Rather they contend that the claim is barred by the Federal court's finding that Fuller as well as the college and the architect were guilty of delays against Hoffman. This contention is without merit for two reasons. First, the only cited conduct of Fuller causing delay toward Hoffman was peculiar to Hoffman—the giving of instructions to remove the backfill. It is not related to the question whether Fuller was guilty of actively delaying Reliable, a totally different party doing different work. Second, the Federal court did not measure the magnitude of the conduct of the parties and determine that one was active, one passive or both were active. Rather it denied indemnification for a totally different reason.

### (b)

Defendants rely on *Board of Education v. Joseph J. Duffy Co.* (1968), 97 Ill. App. 2d 158, 240 N.E.2d 5, and *Talandis Construction Corp. v. Illinois Building Authority* (1974), 23 Ill. App. 3d 929, 321 N.E.2d 154, for their contention they cannot be held liable for the damages sustained for breach of the Fuller-Reliable contract. In *Duffy* a school board sued the architect for breach of contract in connection with the design of a high school building and the supervision of the construction. The architect sued the allegedly negligent contractor for breach of contract, the negligence claim being barred by the statute

of limitations. However since there was no contractual relationship between the architect and the contractor, the suit was dismissed. Likewise in *Talandis*, a general contractor sued the building authority for breach of contract resulting in additional costs. The authority claimed over against the board of trustees of the University of Illinois, claiming it caused the delays. This suit could only, under law, be brought in contract but there was no allegation the university had breached any contractual duty it owed to the building authority. The complaint was dismissed.

■■ Unlike *Duffy* and *Talandis*, here there was a contractual relationship between Fuller and the college and Fuller is claiming damages because the college allegedly breached that contract. A person breaching a contract can be held liable for such damages as may fairly and reasonably be considered as naturally arising from the breach thereof in light of the facts known or which should have been known or such as may reasonably be supposed to have been within the contemplation of the parties as a probable result of a breach thereof. (*Sheppard v. Fagan* (1981), 94 Ill. App. 3d 290, 418 N.E.2d 876; *Carlson v. Collander* (1970), 126 Ill. App. 2d 236, 261 N.E.2d 817; 15 Ill. L. & Prac. *Damages* sec. 33 (1968).) Here it was certainly foreseeable that if the owner was guilty of delays prohibited by the owner-Fuller contract, the owner's conduct would cause a chain reaction delaying subcontractors and rendering Fuller liable on its own contracts with the subcontractor. When a contract is breached the injured party is, insofar as it is possible to do so by a monetary award, entitled to be placed in the position he would have been in had the contract been performed. (*Crum v. Krol* (1981), 99 Ill. App. 3d 651, 425 N.E.2d 1081; *Clark v. Standard Life & Accident Insurance Co.* (1979), 68 Ill. App. 3d 977, 386 N.E.2d 890.) If Fuller is not indemnified for any liability it suffers solely because of delays forced on it by the college, then it has not been put in the position it would have been in had the contract been fully and properly performed.

(c)

■■ The architect's contention that it owed no contractual obligation to Fuller is at least to some degree irrelevant since the claim was in both contract and tort and under *Gateway Erectors v. Lutheran Hospital* (1981), 102 Ill. App. 3d 300, 430 N.E.2d 20, it would appear the architect had a duty to the general contractor to avoid negligently causing extra expenses for the contractor in the completion of a construction contract. We agree with the architect that absent proof that the architect affirmatively bound itself not only to the college but to

Fuller there would be no liability in contract. (*Gateway*.) While the complaint is insufficient to allege such a claim as it stands, we believe that since Fuller had previously sought to amend the complaint and the trial court apparently denied the motion only because it found the claim barred by *res judicata*, the better course is to remand to allow such amendment. We would note that to the extent the complaint relies on a written contract to establish a duty or a claim, whether the claim is in contract or tort, it must set forth *all* of the relied upon and referred to provisions of the contract or contracts in its complaint or attach them to the complaint as an exhibit. Ill. Rev. Stat. 1981, ch. 110, par. 2—606.

For the foregoing reasons the judgment of the trial court is reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.