DAVID DAIL, Plaintiff-Appellant, v. JAMES R. ADAMSON, Indiv. and as Agent and Servant of E.K. Williams and Company, Defendant-Appellee.

Third District   No. 3—90—0361

Opinion filed March 4, 1991.—Rehearing denied May 14, 1991.

Van Hooreweghe, Fackel & Thaline, of Moline (Francis Van Hooreweghe, of counsel), for appellant.

John W. Farber, of Geneseo, and Jerry Soper, of Coyle, Gilman & Stengel, of Rock Island, for appellees.

JUSTICE GORMAN delivered the opinion of the court:

This action was brought against defendants E.K. Williams and Company and their agent, James R. Adamson, to recover damages sustained by the plaintiff, David Dail, following an audit by the Illinois Department of Revenue. Defendant Adamson counterclaimed against

Dail, alleging tortious interference with his business and slander. Following a bench trial, the court rendered a verdict for the plaintiff. As to the counterclaim, the court found no tortious interference with business but did find in favor of Adamson as to the slander count. The plaintiff appeals the amount of damages awarded to him and the propriety of the damages awarded against him as a result of the slander verdict. We reverse in part and affirm in part.

The plaintiff operated a gas station and convenience store known as Dail's DX Travel Mart. Dail retained E.K. Williams & Company to perform certain accounting services. One of these services was the preparation of sales tax returns for the State of Illinois. On the closing of his business, Dail was audited by the Illinois Department of Revenue for the period of July 1984 through February 1987. Dail was found to owe additional tax of $8,268, a penalty of $426 and interest of $3,691.74. These assessments were made as a result of errors allegedly made by defendant Adamson in the preparation of the returns.

Dail brought suit against the defendants alleging negligence and breach of contract. Dail sought to recover the interest and penalty amounts, as well as the fees paid to the defendants for the incorrect services performed. Defendant Adamson counterclaimed for tortious interference with his business and slander, alleging that the plaintiff had told a third party that Adamson was a "fucking thief."

The trial court found for the plaintiff and against both defendants. The court allowed judgment for the penalties of $426 and 10% ($420) of the fees paid to E.K. Williams & Company. The 10% was based upon defendant Adamson's testimony that he spent approximately 10% of the time he worked for Dail on the sales tax returns and that the bulk of his time was spent on profit and loss statements. The court refused to allow as an element of damages the interest assessed by the Department of Revenue, indicating that the plaintiff had the use of the money during the period before the audit. The court felt that it would be speculative to attempt to ascertain the value of the money to the plaintiff and offset it against the interest charged by the Department of Revenue.

On the counterclaims, the court found that Dail did not tortiously interfere with defendant Adamson's business. The court did find slander *per se* and awarded $500 in general damages to defendant Adamson.

■ Plaintiff raises three issues for our consideration. The plaintiff initially contends that the trial court erred in refusing to allow, as an element of the damages, the $3,691.74 in interest. Citing *Carlson*

*v. Collander* (1970), 126 Ill. App. 2d 236, 261 N.E.2d 817, and *Central Illinois Light Co. v. Stenzel* (1963), 44 Ill. App. 2d 388, 195 N.E.2d 207, the plaintiff points out that the underlying concept of all damage awards is to place the injured in the position he would have been in but for the negligence of and/or breach of contract by the defendant. Applying this precept to the case at bar, the plaintiff contends that but for the defendant's breach of contract and negligence, he would not have been required to pay the interest. Accordingly, the defendant should be required to compensate the plaintiff for that expenditure.

We note that the parties were unable to cite to the trial court or this court an Illinois case directly addressing this issue. Our research has also yielded no Illinois cases on point. We agree with the trial court that the plaintiff's cited case of *Sorenson v. Fio Rito* (1980), 90 Ill. App. 3d 368, 413 N.E.2d 47, is of no precedential value. In *Sorenson* the appellate court refused to address the propriety of awarding interest because the defendant had failed to raise the issue at trial. *Sorenson*, 90 Ill. App. 3d at 375, 413 N.E.2d at 54.

In a case addressing the issue of a tax preparer's liability, the supreme court of Alaska stated: "[T]he appropriate measure of damages is the difference between what the [taxpayers] would have owed in any event if the tax returns were properly prepared, and what they owe now because of their accountants' negligence, plus incidental damages." *Thomas v. Cleary* (Alaska 1989), 768 P.2d 1090, 1091-92 n.5.

We believe that this approach properly returns the plaintiff to the position he would have been in but for the negligence of and/or breach by the defendants. In the instant case, the interest paid by the plaintiff to the State is readily ascertainable and flows directly from defendant Adamson's error. Accordingly, we are of the opinion that the trial court erred in refusing to allow the interest as an element of damages.

■ The plaintiff next contends that the trial court erred in allowing the return of only 10% of the total accounting fees paid to the defendants. The plaintiff maintains that since the sales tax returns were improperly prepared, the entire work done by the defendants was defective and thus the entire accounting fees should be recovered. We disagree.

The uncontroverted evidence establishes that defendant Adamson spent 10% of his time working for the plaintiff preparing sales tax returns. Accordingly, the trial court is affirmed as to this point.

■ The plaintiff's last issue contends that the trial court erred as to the $500 in general damages it assessed with regard to the slander

*per se* count. Citing *Bloomfield v. Retail Credit Co.* (1973), 14 Ill. App. 3d 158, 302 N.E.2d 88, the plaintiff argues that a reduction in the award to a nominal amount is required.

General damages, without proof of loss or injury, are conclusively presumed from the publication of a slander *per se* statement. (*Lorillard v. Field Enterprises, Inc.* (1965), 65 Ill. App. 2d 65, 213 N.E.2d 1.) *Bloomfield* is distinguishable from the instant case because, in *Bloomfield*, $500,000 was assessed in compensatory damages. The appellate court found that while nominal damages are presumed, substantial damages are not so presumed and the evidence failed to support the award. (*Bloomfield*, 14 Ill. App. 3d at 170, 302 N.E.2d at 97.) The award of $500 herein is not substantial and was within the province of the court to award as damages. Accordingly, we reject the plaintiff's argument and affirm the trial court as to this issue.

The decision of the circuit court of Rock Island County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

McCUSKEY and SLATER, JJ., concur.