BARRY R. MILLER & another[1] vs. ROGER L. VOLK.

No. 03-P-668.

Norfolk. April 16, 2004. - April 20, 2005.

Present: ARMSTRONG, C.J., DREBEN, & KANTROWITZ, JJ.

*Negligence,* Accountant. *Taxation,* Income tax returns, Corporation.

In a civil action against a certified public accountant for negligent preparation
of the plaintiff's personal service corporation's income tax return, the
plaintiff failed to prove actionable negligence, where the plaintiff did not
demonstrate that the return prepared by the defendant was in error, and
where, even if the defendant had been negligent in the preparation of the
tax return, the plaintiff failed to show actionable damages. [304-306]

CIVIL ACTION commenced in the Superior Court Department on
December 31, 1999.

The case was heard by *Nonnie S. Burnes,* J.

*Kenneth C. Roy* for the defendant.

*Robert D. Loventhal* for the plaintiff.

ARMSTRONG, C.J. In August, 1991, Barry R. Miller, a medical
doctor, established a personal service corporation entitled Barry
R. Miller, M.D., Inc. (PSC). In April and October, 1996,
respectively, Miller engaged the defendant, a certified public ac-
countant, to prepare his 1995 individual and 1996 PSC tax
returns. The PSC had a tax year ending July 31, 1996; the
return was due October 31, 1996. In 1999, the Internal Revenue
Service (IRS) audited the PSC's 1996 return and assessed a
deficiency of $23,335 plus $7,609 in interest. A Superior Court
judge entered a judgment in those amounts against the defendant
for negligent tax preparation. She entered separate judgments
against Miller for his claims of breach of warranty and unfair
and deceptive acts (G. L. c. 93A), and denied him monies for

---

[1]Barry R. Miller, M.D., Inc.

any potential liability for a State tax deficiency for the PSC's 1996 tax year.[2]

The problem arose from the defendant's failure to make a § 280H calculation, referring to a provision of the tax code[3] that limits the ability of a professional to use a PSC as a vehicle for deferring personal income to a succeeding tax year. In the first five months of the PSC's 1996 tax year (i.e., August 1 through December 31, 1995), Miller paid himself $34,248, which, under § 280H (according to the IRS auditor), would limit the annual deduction the PSC could claim for Miller's compensation to $82,195. Miller paid himself $114,617 in the remaining seven months of the PSC's 1996 tax year (January 1 through July 31, 1996), for a total of $148,865. The PSC deducted the entire $148,865 from its 1996 tax return; this amount (again, according to the IRS auditor) exceeded the allowed deduction by $66,670, which, at the PSC flat thirty-five percent rate, amounted to the asserted deficiency.[4]

Whether Miller's PSC was required to apply the § 280H deduction limitation depended on how it obtained its noncalendar tax year. PSCs may elect a noncalendar tax year under 26 U.S.C. § 444 (1994) or under 26 U.S.C. § 441 (1994). Section 280H only applies to PSCs electing under § 444.[5] It seemed dubious to Miller's expert that the PSC had elected under § 441, which requires the PSC to demonstrate a business purpose other than tax deferral to justify use of a noncalendar tax year. See 26 U.S.C. § 441(i). It was also dubious, however, that it had elected under § 444, which prohibits a tax deferral period longer than three months; that is, a PSC subject to § 444 must elect a tax year ending September 30, October 31, or November 30. See 26 U.S.C. § 444(b). The election of a noncalendar tax year requires the submission of forms to the IRS, different for § 444 PSCs and § 441 PSCs. See IRS Form 1128 (§ 441); IRS Form

[2]The asserted State tax deficiency was $6,334 plus $3,412 in interest. The Commonwealth had not, at the time of trial, made such a claim.

[3]26 U.S.C. § 280H (1994).

[4]Interest considerations set aside, in some circumstances the unused deduction could be washed out because the deduction can be carried to offset income in the next tax year. In 1997, however, Miller created a new PSC to which the unused deduction could not be carried forward.

[5]See 26 U.S.C. §§ 280H(a)(1), 444(c)(2).

8716 (§ 444). There was nothing in evidence indicating whether the PSC established its August 1 to July 31 tax year under § 441 or § 444.[6] That is to say, there was a failure of proof whether the PSC was required by law to apply the § 280H deduction limitation.[7] The defendant's negligence in failing to explore the applicability of § 280H was of no consequence if § 280H was inapplicable. The burden was on the plaintiffs to prove that the return prepared by the defendant was in error.

There is a second reason the plaintiffs have not proved actionable negligence. Even if the PSC tax return prepared by the defendant was in error for having deducted more than was allowable, the additional tax required to be paid (i.e., the deficiency component) was not the consequence of the defendant's negligence but of the fact that Miller's withdrawals of income from the PSC triggered the antideferral provision of § 280H. Miller's PSC would only have been made to pay the tax it should have paid in the first instance. The general rule is that the amount of a tax deficiency is not necessarily the measure of damages imputable to a negligent tax preparer. See *Gantt* v. *Boone, Wellford, Clark, Langschmidt & Pemberton*, 559 F. Supp. 1219, 1229-1230 (M.D. La. 1983), aff'd, 742 F.2d 1451 (5th Cir. 1984); *Jobe* v. *International Ins. Co.*, 933 F. Supp. 844, 860 (D. Ariz. 1995); *Thomas* v. *Cleary*, 768 P.2d 1090, 1091 n.5 (Alaska 1989); *Dail* v. *Adamson*, 212 Ill. App. 3d 66, 68 (1991); *Richard* v. *Staehle*, 70 Ohio App. 2d 93, 99-100 (1980); *Lien* v. *McGladrey & Pullen*, 509 N.W.2d 421, 426 (S.D. 1993). No penalty was assessed, and no proof was offered that the interest paid to the IRS on the deficiency exceeded the

---

[6]In the trial judge's words: "How [the PSC] managed to acquire a July 31 fiscal year-end, in light of § 444, remains a mystery to all parties involved in this litigation. In addition, no one involved in this litigation knows whether [the PSC] ever filed a § 444 election." The trial judge concluded that whether or not the PSC made a § 444 election, it was appropriate to apply § 280H because "the corporation was in essence the type of creature § 444 and § 280H were enacted to control." Section 280H does not apply, however, unless the PSC makes a § 444 election. See 26 U.S.C. § 280H(a)(1).

[7]When the issue in dispute is whether the IRS auditor improperly assessed a deficiency in a tax return, the assessment itself cannot be regarded as probative that the tax paid was deficient. See *Zwack* v. *Kraus Bros. & Co.*, 133 F. Supp. 929, 936 (S.D.N.Y. 1955), aff'd, 237 F.2d 255 (2d Cir. 1956). At most the assessment has the evidentiary status of an inadmissible out-of-court expert opinion.

value to the plaintiffs of having use of the money in the meantime. There was, in other words, no proof of actionable damages.

It is true that Miller could have avoided the application of § 280H by paying himself more of his annual earnings during the tax deferral period, but that mistake was not attributable to the defendant. As the judge found, "despite Miller's requests, . . . [the defendant] never offered tax planning advice to Miller, nor did he ever assume any responsibility for [the PSC's] payroll." When Miller approached the defendant in October, 1996, asking him to prepare the PSC's 1996 tax return, the liability of the PSC for taxes already had been fixed by the PSC's earnings and payroll disbursement in the August, 1995, through July, 1996, period. Those were the PSC's, not the defendant's, responsibility.

As to the negligent Federal tax preparation claim, the judgment in favor of the plaintiff must be vacated. A new judgment is to enter in favor of the defendant.

*So ordered.*