## Henry C. Ingwersen and Charles H. Ingwersen v. W. Herman Buchholz, Receiver, and John F. Holland.

1. PRESUMPTIONS—*That a Plaintiff's Claim was Considered by the Court.*—Where the judgment of a court recites that the cause came on to be heard upon the pleadings and the evidence, it is fair to presume in the absence of any allegations in the bill to the contrary, that the plaintiff's claim was considered by the court.

2. RES ADJUDICATA—*What the Doctrine Embraces.*—The doctrine of *res adjudicata* embraces not only what has actually been determined in the former suit, but also extends to any other matter properly involved, and which might have been raised and determined in it.

3. EQUITY JURISDICTION—*On Appeal from Erroneous Ruling of Law Court.*—A court of chancery can not review an appeal from a law court where the only reason why the legal defense could not be availed of was the erroneous ruling of the law court.

4. BANKS AND BANKING—*Certificate of Deposit Assigned after Appointment of Receiver—Set-off.*—Where a certificate of deposit is assigned to a party after the appointment of a receiver of the bank, he is not entitled to set off his claim against the bank to the prejudice of its other creditors.

Bill for an Accounting.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed March 12, 1900.

Statement by the Court.—Appellants filed their bill in the Circuit Court of Cook County, against appellee Buchholz, receiver of the Farmers & Drovers Bank of Battle Creek, Nebraska, a corporation under the laws of Nebraska, and appellee Holland, the attorney of said receiver, in which

it is alleged in substance that in 1891, appellants were and still are residents in and citizens of Illinois; that prior to July 15, 1891, said bank was doing business at Battle Creek, Nebraska, and had a capital stock of $25,000, $15,000 of which was owned by one Maxwell, who was president, $5,000 by one Tiedgen, who was vice-president, $t,000 by one Meyel, who was cashier, and the remainder of the stock by one Hansel; that each of said stockholders was a director; that on or about July 15, 1891, said bank was declared insolvent by the Supreme Court of Nebraska, and one Edgecome was appointed receiver; that Edgecome was afterward relieved and one Rose appointed receiver, and on March 23, 1898, Rose resigned and was discharged, and on June 10, 1898, said Buchholz was appointed receiver by said Nebraska court and is now the receiver of the bank.

That about June 22, 1891, said president and vice-president and cashier of the bank, knowing of its insolvent condition, endeavored to raise funds to supply the necessities of the bank and advised said Tiedgen, vice-president, to apply to appellants for a loan of $5,000 for the benefit of the bank; that in pursuance of said advice Tiedgen, about that date, drew a draft on appellants payable to the order of the cashier of the bank and deposited it for collection in said bank; that appellants, being advised by Tiedgen that the money so drawn for was intended for the use of the bank, paid the draft, and the proceeds were paid to and used by the bank in its business; that upon the payment of the money of appellants, it executed and delivered to Tiedgen a certificate of deposit, dated June 22, 1891, signed by said Meyel, cashier, which stated in substance that Tiedgen had deposited in the bank $5,000 payable to his order September 1, 1891, on return of the certificate, with eight per cent interest per annum; that to secure said certificate the bank, by its said vice-president and cashier, with the knowledge and consent of the president and its other stockholders, made and delivered to Tiedgen a mortgage upon certain real estate in Nebraska, and that said Tiedgen assigned said certificate and mortgage to appellants to

secure them for said money so advanced for the benefit of the bank. When such assignment was made is not alleged.

That on or about March 11, 1892, appellants commenced proceedings to foreclose said mortgage in the District Court of Madison County, Nebraska, in which the bank, Edgecome, its receiver, and Tiedgen, were defendants; that said receiver filed an answer in which he claimed the mortgage was void; that September 6, 1893, said District Court entered a decree in favor of appellants for $5,483.34, and that they were entitled to a foreclosure of said mortgage; that the defendants failed to file a supersedeas bond as required, and the premises in said mortgage described were sold pursuant to the decree on January 24, 1893, for $4,600, which sale was confirmed by the court and the proceeds paid to appellants; that afterward, on the appeal of said receiver, the Supreme Court of Nebraska reversed the decree of foreclosure and remanded the case to the District Court for further proceedings therein; that about March 19, 1895, said Rose was substituted as receiver of the bank as a defendant in said suit, and he obtained leave to file a supplemental answer, which, among other things, alleged that " The real estate so sold by order and direction of the plaintiffs under said decree is and was at the date of said sale and confirmation, of the value of $4,600, and this defendant, as receiver, has been deprived of said real estate to his damage as receiver in the sum of $4,600, with interest thereon from February 11, 1893. Wherefore this defendant prays judgment against plaintiffs (who are your orators) for the sum of $4,600 together with interest thereon from February 11, 1893, his damage herein and his costs herein expended, and such other and further relief as may be just and equitable."

That at the time of filing said supplemental answer appellants were residents of and actually in the city of Chicago; that no notice was ever given to them to appear and answer said supplemental answer; that no rule was ever made upon them to answer; that no default was ever entered against them, but afterward, about April 6, 1895, a judgment was rendered against appellants in favor of said Rose

in substance to the effect that the allegations of said supplemental answer were true, and that there was due from appellants to Rose, as receiver of the bank in the cause of action set forth in said supplemental answer, the sum of $5,293.20, which amount, it was considered by the court, said Rose, receiver, should recover of appellants, and costs taxed at $45.95.

That on November 4, 1895, said Rose, receiver, commenced an action of debt against appellants in the Circuit Court of Cook County, Illinois, on said judgment, and after amending his declaration appellants pleaded thereto, among other pleas, a plea of set-off, in substance, that at the time of the commencement of the action, the said bank was and still is indebted to appellants in the sum of $5,000 for money deposited in the bank at the time and substantially as above set forth, and alleging that the said certificate of deposit was indorsed by said Tiedgen to appellants, whereby the bank became liable to pay to them that amount, with interest, but it and the said receiver had failed to pay the same to appellants.

That the receiver filed a replication to said plea of set-off, in which he set up all the proceedings in said foreclosure suit, the reversal of the decree and the obtaining of judgment by the receiver. To this replication appellants demurred, and the demurrer was overruled by the said Circuit Court, and thereby held, as it is alleged, "as orators understand, that in the suit at law your orators have no right to offset the indebtedness of the said bank to your orators against the judgment so obtained in the District Court of Nebraska."

That said suit in the Circuit Court is still pending against appellants, with said Buchholz substituted as plaintiff, and will soon be for trial; that the reversal of said decree of foreclosure in favor of appellants was vacated and they were remitted to their claim against the bank for its indebtedness to appellants for the money advanced, which was the consideration for the issuance of said certificate of deposit; that the said judgment upon which appellants are

sued was for the wrongful selling of said real estate, and that the bank still remains a debtor to appellants for the amount due upon said certificate of deposit; that the receiver was appointed by the Supreme Court of Nebraska; is a resident of Madison county, Nebraska; that all the proceedings in the insolvency of the bank are held in that county, and that the receiver is a non-resident of Illinois.

The bill prays for an accounting of the amount due to appellants, and that such amount be set off against the said judgment upon which the suit at law is pending, offering to pay to the receiver any excess, and also praying for an injunction against the further prosecution of the suit at law and for general relief.

The appellees demurred generally and specially, and assigned as special cause of demurrer that there was an adequate remedy at law. The demurrer was sustained and the bill dismissed, from which decree of the court this appeal is taken.

Joseph B. Leake, attorney for appellants.

John F. Holland, attorney for appellees.

Mr. Justice Windes delivered the opinion of the court.

Appellants make several contentions, which it seems to us unnecessary to consider in detail, as they are all included under their general contention that they are without remedy at law and have therefore the right to come into a court of equity for relief.

It should be noted that appellants invoked the aid of the District Court of Madison County, Nebraska, where they obtained a decree for the amount due them and for a foreclosure of their mortgage. This decree was, however, reversed, and the cause remanded to said District Court for further proceedings therein, and there is no allegation in appellants' bill but that in the subsequent proceedings in the said District Court they were represented by attorney, and had their claim against the bank fully adjudicated in

that court. In any event, their claim was before the court
by their pleadings, and was a proper subject for adjudication
by the court. The judgment of that court recites·that the
cause came on to be heard upon the pleadings and the evi-
dence, and from such recital it is fair to presume, in the
absence of an allegation in the bill to the contrary, that
appellants' claim was considered by the court. Litch v.
Clinch, 136 Ill. 410–25; Wright v. Griffey, 147 Ill. 496; U.
P. Ry. Co. v. Ry. Co., 164 Ill. 88–105.

In the Litch case, *supra*, the court say :

" The doctrine of *res judicata* embraces not only what
has actually been determined in the former suit, but also
extends to any other matter properly involved, and which
might have been raised and determined in it."

Moreover, if it can be said that appellants did not have
their day in, and hearing before, the District Court of Mad-
ison County, Nebraska, they have had, as shown by their
bill, a hearing and adjudication of their claim on the law
side of the Circuit Court of Cook County, Illinois. If the
latter court committed an error in overruling appellants'
demurrer to the receiver's replication to their plea of set-
off, they have their remedy by appeal or writ of error in
that case. We can not review that decision on this appeal.
Appellants are not deprived of their remedy at law, as they
contend, because of this ruling of the Circuit Court. Com-
mercial, etc., Co. v. Scammon, 133 Ill. 627–31.

It may be true, as contended by appellants, that a plea of
set-off is permissive and not compulsory, but it does not fol-
low that when they are unsuccessful in their plea of set-off
they may, for that reason, abandon that claim at law where
they have a remedy by appeal or writ of error, and come
into equity to enforce such claim.

It is not alleged in the bill when the appellants became
the owners, by assignment, of the certificate of deposit in
question. If the certificate was assigned to them after the
appointment of the receiver of the bank, then they would
not be entitled to set off their claim against the·bank to the
prejudice of its other creditors. High on Receivers (3d Ed.),

Sec. 247; Beach on Receivers, Sec. 702; Smith v. Mosbey, 9 Heisk. (Tenn.) 501.

The claim is made by appellants that the assignment of the bank in Nebraska is inoperative as to appellants, who are residents of Illinois, and several citations of Illinois cases are made to establish the proposition. We think the cases are not applicable. There is no claim that the bank at the time of the appointment of the receiver had any assets in Illinois, and it never had until appellants went to Nebraska, invoked the aid of the Nebraska court and sold its property situated in that State, and took the proceeds thereof away from Nebraska. The cases cited all relate to the effect of an assignment as against creditors in this State seeking to reach assets of the insolvent situated in this State at the time of the assignment.

Being of opinion that appellants have an adequate and complete remedy at law, the decree of the Circuit Court is affirmed.