WILLIAM A. LESTER, ESQ., Trustee, Plaintiff-Appellant, v. ARLINGTON HEIGHTS FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellee.

Second District   No. 84—37

Opinion filed January 24, 1985.

Aldo E. Botti and Walter P. Maksym, Jr., both of Botti, Marinaccio & Maksym, of Oak Brook, for appellant.

Vincent F. Lucchese, of Lucchese, McNish, Wognum & Koeppel, of Chicago, and R. Terence Kalina, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

This is an appeal by the plaintiff, William A. Lester, Esq., acting as the trustee for the bankrupt estate of Daniel E. Harper, from a judgment dismissing his two-count complaint against the defendant, Arlington Heights Federal Savings & Loan Association, on the grounds of collateral estoppel.

The trial court held that the issue of whether the defendant had breached its loan commitment agreement with Daniel Harper had been previously adjudicated in a foreclosure action where Harper and the defendant were codefendants. The issue on appeal is whether the trial court erred in applying the doctrine of collateral estoppel under the facts of this case.

On September 2, 1981, the plaintiff filed a two-count complaint

against the defendant in the circuit court of Du Page County. The complaint alleged that on or about July 29, 1974, Harper and the defendant entered into a loan commitment agreement which the defendant breached by refusing to fund the loan. Count II was based on the same breach of contract, but alleged the breach was wilful, intentional and vexatious and asked for punitive damages. On October 1, 1981, the defendant filed a motion to dismiss the plaintiff's complaint on the basis that the issue of breach of contract had been previously adjudicated in a foreclosure action.

The prior foreclosure action was filed on March 7, 1975, by McElvain-Reynolds Co., a Delaware corporation, in the circuit court of Lake County, against numerous defendants who allegedly held interests junior to McElvain-Reynolds' mortgage. The property foreclosed upon was the same property that Harper had pledged as security under the July 29, 1974, loan commitment with the defendant.

In its foreclosure complaint, McElvain-Reynolds named the present defendant, Arlington Heights Federal Savings & Loan, as a codefendant alleging that it held:

"a claim to right, title or interest in the mortgaged premises as a beneficiary, as mortgagee in the mortgage recorded as Document No. 1674970, as assignee under Assignment of Rents recorded as Document No. 1674971 and as holder of the indebtedness secured by Trust Deeds recorded as Documents 1674972, 1674973, 1674974 and 1674975."

and:

"as Trustee under Trust Deeds recorded as Documents 1674972, 1674973, 1674974 and 1674975."

Harper, as a codefendant in the prior foreclosure action, filed an answer to this allegation, stating:

"That Defendant admits that ARLINGTON HEIGHTS FEDERAL SAVINGS AND LOAN ASSOCIATION *** has a claim to right, title or interest in the mortgaged premises as a beneficiary; as mortgagee in the mortgage recorded as Document No. 1674970; as assignee under Assignment of Rents recorded as Document No. 1674971; as holder of indebtedness secured by Trust Deeds recorded as Documents Nos. 1674977, 1674973, and 1674975; and as Trustee under Trust Deeds recorded as Documents 1674972, 1674973 and 1674975."

The defendant, Arlington Heights Federal Savings & Loan, then filed a reply to Harper's answer which stated:

"ARLINGTON hereby alleges that it recorded the Trust

Deeds and (mortgage) as described therein as a preliminary step with reference to a certain loan commitment entered into by and between DANIEL E. HARPER and ARLINGTON; that the conditions contained in said commitment have to this date never been complied with, and, accordingly it has not paid out any funds pursuant thereto. The loan commitment by its terms expires July 26, 1975.''

On September 16, 1976, the defendant filed a motion for summary judgment in the prior foreclosure action stating:

"Count I is for Foreclosure. Count I applies to your Movant in that it has recorded Trust Deeds on the subject premises as a preliminary step with reference to a certain loan commitment which to date the conditions therein have never been complied with by the borrower and therefore it has not paid out any funds pursuant thereto. Counts II and III are on Note(s) which were secured by said Trust Deeds, and do not apply to your Movant, who will execute Release Deeds of the Trust Deeds it has recorded.

2. DANIEL HARPER individually and D/B/A LANDSMITH ENTERPRISE, a sole proprietorship, in his pleading on this file in this cause seeks no relief from your Movant.
* * *
WHEREFORE your Movant prays as follows:

(1) Your Movant be dismissed with prejudice and without costs from this cause and within fourteen (14) days from said dismissal to:

(a) Deliver to Plaintiff its Release Deeds for Trust Deeds described as follows: ***.''

The court granted the defendant's motion for summary judgment on September 16, 1976, and filed a written judgment, drafted by defense counsel, stating:

"the Court having jurisdiction of the parties and subject matter, the Court having heard evidence and/or argument of counsel and being fully advised in the premises does find:
***

2. ARLINGTON HEIGHTS FEDERAL SAVINGS & LOAN ASSOCIATION, has unfunded Trust Deeds of record on the property described in the Complaint on file in this cause, which it is not obligated to fund because DANIEL HARPER has not complied with the conditions therein contained in its letter of commitment to him.

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

\* \* \*

2. All pending matters on file in this cause against Arlington Heights Federal Savings & Loan Association \* \* \* are hereby dismissed from this cause with prejudice and without costs.

3. Arlington Heights Federal Savings & Loan Association \* \* \* shall within 35 days from date hereof execute Release Deeds for the following: [Documents Nos. 1674970-1674975]

\* \* \*

and deliver the same to the Plaintiff."

On October 14, 1976, Harper filed a motion to vacate the September 16, 1976, dismissal order on the basis that it purported to operate as an adjudication of the substantive rights between Harper and the defendant when in fact no issue between them had been presented to the court for determination. The defendant objected to this motion as inadequate in that the certificate of service had not been properly signed under Supreme Court Rules 12 and 104 (58 Ill. 2d Rules 12, 104), and that the defendant had not been served with a notice of motion within 30 days as required under the decision in *Vlahakis v. Parker* (1971), 3 Ill. App. 3d 126 (abstract). On November 5, 1976, the court sustained the defendant's objections and struck the motion.

On December 6, 1976, Harper filed a motion to extend the time for filing a notice of appeal on the basis that he was filing a section 72 petition. (Ill. Rev. Stat. 1975, ch. 110, par. 72, now Ill. Rev. Stat. 1983, ch. 110, par. 2—1401.) The section 72 petition raised the same argument as the earlier motion to vacate. The defendant argued that this was not a proper ground for relief under section 72, and on February 18, 1977, the court denied both the section 72 petition and the motion for extended time.

■ Four and a half years later the plaintiff, as trustee for the bankrupt estate of Harper, filed his two-count complaint for breach of the loan commitment agreement. The defendant argues that the complaint is precluded by the prior finding that Harper breached the contract, since that finding was a prerequisite to the court's dismissal of the defendant from the foreclosure action. The trial court below, while stating that the defendant could have been dismissed from the prior action without such a finding, held that the finding did preclude the present action because the prior court had to have had some basis for its judgment and since Harper's breach was the only basis given, the finding was "necessary" for the judgment. We disagree.

"A prior judgment may have preclusive effects in a subsequent action under both *res judicata* and collateral estoppel. The doctrine of *res judicata* provides that 'a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the *same* claim, demand or cause of action.' (Emphasis added.) [Citation.] When *res judicata* is established 'as a bar against the prosecution of a second action between the same parties upon the same claim or demand *** it is conclusive not only as to every matter which was offered to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose. [Citations.]' [Citation.]

The doctrine of collateral estoppel applies when a party or someone in privity with a party participates in two separate and consecutive cases arising on *different* causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. [Citation.] The adjudication of the fact or question 'in the first cause will, if properly presented, be conclusive of the same question in the later suit' [citation], but 'the judgment in the first suit operates as an estoppel only as to the point or question *actually litigated* and determined and not as to other matters which might have been litigated and determined.' [Citations.]" *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52.

For the broader doctrine of *res judicata* to apply, both actions must involve the same cause of action. In comparing two actions to determine whether they are based on the same cause of action, the test is whether the facts are identical or whether the same evidence would sustain both actions. (*Renner v. Greathouse* (1957), 12 Ill. App. 2d 338, 341.) The evidence required in the prior foreclosure action was that the mortgagor, Michigan Avenue National Bank of Chicago, was in default on its September 27, 1973, mortgage loan agreement with the mortgagee, McElvain-Reynolds. The present action, however, alleges the breach of a completely different loan agreement between Harper and the defendant and requires proof that the defendant wrongfully refused to fund the loan. Therefore, the two suits do not involve the same cause of action, and the doctrine of *res judicata* is not applicable.

The narrower doctrine of collateral estoppel is applicable when the same parties or their privies are involved with the same issue which was actually or necessarily finally determined by a court of

competent jurisdiction in an earlier, but different, cause of action. (*O'Neill v. De Laney* (1980), 92 Ill. App. 3d 292, 296; *Riley v. Unknown Owners* (1975), 25 Ill. App. 3d 895, 898; *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417-18.) "However, collateral estoppel does not apply to issues that might have been decided but were not, nor to matters incidentally decided that were not essential to support the judgment in the prior action. [Citations.]" *Godare v. Sterling Steel Casting Co.* (1981), 103 Ill. App. 3d 46, 50.

The issue sought to be precluded in this case is who, if anyone, breached the July 29, 1974, loan commitment agreement between Harper and the defendant. While the prior judgment purported to make the finding that Harper had failed to comply with the conditions of the agreement, we do not find this issue was actually litigated.

■ The burden of establishing the defense of collateral estoppel, by clear and convincing evidence, is upon the party invoking it. (*O'Neill v. De Laney* (1980), 92 Ill. App. 3d 292, 296.) The defendant, however, has presented no evidence, other than the wording of the prior judgment itself, drafted by defense counsel, which shows that the issue of the breach of the loan commitment agreement was actually litigated in the prior action. Nothing in the record on appeal indicates that the prior trial court ever held a hearing or heard evidence on the breach of loan commitment. The defendant, therefore, has failed to meet its burden of establishing the defense of collateral estoppel because it has failed to demonstrate that the breach of contract issue was actually litigated in the prior action.

The defendant argues that recitals of findings of fact in a judgment or decree are binding in subsequent proceedings. The defendant's cited case, *Ingwersen v. Buchholz* (1899), 88 Ill. App. 73, however, states:

"The judgment of that court recites that the cause came on to be heard upon the pleadings and the evidence, and from such recital it is fair to presume, *in the absence of an allegation in the bill to the contrary*, that appellants' claim was considered by the court." (Emphasis added.) (88 Ill. App. 73, 78.)

The appellant in this case did allege in the pleadings that no evidentiary hearing was conducted before the prior judgment was entered.

Our holding requires us to disregard the prior court's explicit finding on the issue. "It is a basic rule of our judicial system [however,] that findings not supported by any evidence are a nullity and must be vacated by the reviewing court. [Citation.]" (*In re Estates*

*of Rice* (1979), 77 Ill. App. 3d 641, 658.) Since it is the defendant's burden to establish the defense of collateral estoppel by clear and convincing evidence, and because he has failed to show that the prior court actually heard any evidence on this issue, we hold that it is proper to disregard the prior court's finding.

Additionally, even if the first court did have a proper basis for its finding that Harper had breached the loan agreement, its finding would not bar this action because such a finding was unnecessary and only incidental to its decision. The defendant was named as a codefendant in that action because it held recorded interests in the property being foreclosed upon. In its September 16, 1976, motion for summary judgment, the defendant requested to be dismissed from the suit if it released to the mortgagee its recorded interests in the property. In releasing these alleged interests, the defendant gave up all claim or interest it allegedly held in the property and was no longer a necessary party. This was the only basis necessary for dismissing the defendant.

The defendant argues that the court had to determine the validity of its interest in the property before the court could dismiss it from the foreclosure action and that required the court to determine whether Harper had breached the agreement. This is precisely the issue that was avoided when the defendant moved to be dismissed from the foreclosure action on the basis that it would voluntarily release its alleged interest in the property. The defendant was not ordered against its will to release its interest; rather, the record indicates that the defendant voluntarily released its interest in the property in order to be dismissed from the suit. Since the defendant volunteered to release its interest, the court did not have to determine what interest, if any, the defendant had in the property.

For the reasons stated, the judgment of the circuit court of Du Page County is reversed and the cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

NASH, P.J., and REINHARD, J., concur.