Henry Lee THOMAS, Plaintiff,

v.

Alvin RIDDLE, Sergeant Johnson, Three Unknown Members of the Tactical Unit of the East Chicago Police Department, James Peterson, John J. Grode, Marcellis J. Burk, Frank Braun, Charles Schenk, John Smith, William Behrens and Colin Simpson, Defendants.

No. 85 C 9032.

United States District Court, N.D. Illinois, E.D.

Oct. 23, 1987.

M. Fred Friedman, Chicago, Ill., for plaintiff.

Paul M. Sheridan, Asst. Corp. Counsel, Chicago, Ill., Karen Diamond, Asst. State's Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Henry Lee Thomas brought this action under 42 U.S.C. § 1983 (1982) against nine police officers and an Assistant States Attorney for violation of his civil rights as a result of his illegal arrest for a murder. Some of those defendants now seek to dismiss the complaint. Defendant Colin Simpson, an Assistant States Attorney for Cook County, has filed a motion to dismiss the complaint as to him on the basis of absolute immunity. Defendant Cook County Sheriff's Police Officers James Peterson, Frank Braun, Charles Schenk, John Smith and William Behrens ("the Cook County defendants") also seek dismissal of portions of the complaint under the doctrine of collateral estoppel. Finally, defendants Marcellis J. Burke and John J. Grode, City of Chicago Police Investigators, move this Court to dismiss the complaint as to them for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), or, in the alternative, for an order requiring Thomas to file a more definite statement. For the reasons noted, we grant Simpson's motion in part and deny it in part; we deny the Cook County defendants' motion; and we grant Burke and Grode's alternative motion for a more definite statement.

## FACTS [1]

We relate the facts briefly as they are pertinent to the instant motions. Thomas alleges that he was arrested without probable cause and without an arrest warrant by certain of the defendants in connection with a murder investigation. He contends that his car and house were also illegally searched without a warrant; that he was transported from Indiana to Illinois without an extradition hearing; that he was forced to confess by virtue of defendants' improper actions and in violation of his constitutional rights. Thomas filed a pretrial motion in his criminal case to suppress all the fruits of his illegal arrest. The state trial court determined that Thomas was arrested without probable cause and suppressed all physical evidence but not the confession on the grounds that it was sufficiently attenuated from the illegal arrest. Thomas was brought to trial, and the confession was used against him. He was convicted of murder and sentenced to 40 years and confined. His conviction was vacated and remanded for a new trial. The State, however, failed to bring the case within 120 days in violation of the Speedy Trial Act, and Thomas was released on May 2, 1985, seven years after his illegal arrest. This action followed.

### Defendant Simpson

Defendant Simpson argues that we must dismiss all claims against him because he is entitled to absolute immunity as a prosecutor. In *Imbler v. Pachtman*, 424 U.S. 409, 426, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) the Supreme Court held that prosecutors enjoy the same absolute immunity under § 1983 that the prosecutor enjoys at common law. The Court, however, left standing a line of decisions which had allowed only qualified immunity for prosecutors engaged in certain investigative activities. *Id.* One of the cases left standing was a Seventh Circuit case, *Hampton v.*

1. For purposes of this motion to dismiss, we take all allegations of the complaint as true and view all reasonable inferences therefrom in the light most favorable to the plaintiff.

*City of Chicago*, 484 F.2d 602 (7th Cir. 1973), *cert. denied*, 415 U.S. 917, 94 S.Ct. 1413–14, 39 L.Ed.2d 471 (1974). In *Hampton*, 484 F.2d at 608, the Seventh Circuit distinguished quasi-judicial activities of prosecutors, which are entitled to absolute immunity, from "investigatory activities normally performed by lawmen, such as police officers," which were only entitled to a qualified immunity. The Seventh Circuit has recently reiterated this distinction, *see Rakovich v. Wade*, 819 F.2d 1393, 1398 n. 5 (7th Cir.1987); *Henderson v. Lopez*, 790 F.2d 44, 45 (7th Cir.1986). Simpson does not dispute this distinction but merely contends all of his activities were within the quasi-judicial mode. The complaint mentions Simpson three times. First, it alleges that "[d]uring all times mentioned herein, Colin Simpson was an Assistant States Attorney for the County of Cook, and was acting under color of the statutes and ordinances of the State of Illinois." (¶ 7). Next, it is charged that Thomas' arrest "was approved by defendants Simpson, Grode, Peterson, Burke, Braun, and Schenk, or in the alternative his arrest was ratified by defendants Simpson, Grode, Peterson, Burke, Braun and Schenk as part of defendant's investigation of the death of Terrell" (¶ 14).[2] Finally, Thomas alleges that "[a]t Niles, plaintiff was placed in an interrogation room and repeatedly questioned for more than twelve hours by various combinations of defendants Smith, Behrens, Peterson, Grode, Burke, Braun,

Schenk and Simpson." (¶ 25). In deciding a motion to dismiss, we must take the allegations of the complaint as true and view them, as well as all reasonable inferences therefrom, in the light most favorable to the plaintiff. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986).

■ To the extent that Thomas' allegation (that Simpson approved or ratified Thomas' allegedly unconstitutional arrest) refers to Simpson giving legal advice as to the legality of the warrantless arrest of Thomas, Simpson is absolutely immune. In *Henderson v. Lopez*, 790 F.2d 44, 47 (7th Cir.1986), the Seventh Circuit held that a prosecutor is engaged in a quasi-judicial activity when advising law enforcement officials on legal issues. *Id.* Accordingly, Simpson is absolutely immune from liability for approving or ratifying Thomas' warrantless arrest. However, we find that the allegations as to the interrogation of Thomas raise an inference that Simpson's activities were investigatory in nature.[3] Thomas' allegation that Simpson took part in the twelve-hour marathon interrogation raises an inference that Simpson's activity was investigative in nature. At this point we lack the sufficient factual background to make the determination as to whether Simpson's participation in the interrogation was indeed investigatory, and thus protect-

**2.** We note that according to the Illinois Appellate Court opinion in the underlying case, *People v. Thomas*, 123 Ill.App.3d 857, 860, 79 Ill.Dec. 278, 281, 463 N.E.2d 832, 835 (1st Dist.1984), Simpson's only participation in the interrogation was to be present when Thomas gave the inculpatory statement after the interrogation session. However, as this is a motion to dismiss, we examine only the allegations of the complaint.

**3.** We also find that there could be an inference that his activities were all "in furtherance of a decision to initiate prosecution, and were therefore quasi-judicial in nature...." *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir.1986) (trial court decision to dismiss complaint against prosecutor for his alleged interrogation of witness on grounds of absolute immunity remanded for development of the record to determine whether the interrogation was in furtherance of

a decision to prosecute), *cert. denied,* — U.S. ——, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987); *see also Myers v. Morris*, 810 F.2d 1437, 1451 (8th Cir.1987) (Prosecutor absolutely immune for role in interviewing victims because it was an "integral part of her advocatory functions, i.e. her ongoing prosecutorial responsibilities to decide whom to charge and to prepare for the presentation of her cases."); *Forsyth v. Kleindienst*, 599 F.2d 1203 (3d Cir.1979), *cert. denied* 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981) (If Attorney General's authorization of warrantless wiretap was made in attempt to secure information to determine whether to initiate a criminal prosecution, then he was entitled to absolute immunity. Case remanded to district court for development of the record), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3147, 69 L.Ed.2d 997 (1981). However, as this is a motion to dismiss, we make the inferences in favor of the plaintiff.

ed only with a qualified immunity, or whether it was in furtherance of a decision to initiate a prosecution against Thomas. Accordingly, the motion to dismiss the claim against Simpson for his participation in the interrogation is denied.

### Cook County Defendants

The Cook County defendants move this Court to dismiss the allegations of Thomas' complaint that charge he was threatened or abused while in custody because the state trial court judge in Thomas' motion to suppress his confession found "that at no time were there any threats made to [Thomas] by any of the police officers involved." (Tr. at 22). In the suppression ruling, the state trial court judge also found that the confession was sufficiently attenuated from the illegal arrest so that it did not need to be suppressed. The Cook County defendants have not submitted the transcript of the state court proceedings and have only submitted seven pages of the transcript in which the judge denied Thomas' motion to suppress. It is therefore unclear under exactly which grounds Thomas sought to have his confession suppressed. The appellate court indicated that the factual finding of no physical abuse was merely one of the factors cited by the trial judge to support its factual finding that Thomas' confession was sufficiently attenuated from his illegal arrest so that it need not be suppressed. On appeal, the appellate court found the trial court's determination of attenuation to be "contrary to the manifest weight of the evidence." *People v. Thomas,* 123 Ill.App.3d 857, 866, 79 Ill.Dec. 278, 285, 463 N.E.2d 832, 839 (1st Dist.1984). This was so because, "[w]ith the exception of the absence of physical abuse, the very factors cited by the court as attenuating [were] found to have exacerbated the effect of the illegal arrest." *Id.* Accordingly, the lower court's judgment was reversed, and the case remanded for a new trial.

The Cook County defendants do not dispute the fact that the appellate court did not review the lower court's finding of no physical abuse or threats; rather, they argue that because it was not specifically reversed by the appellate court, Thomas should be bound by that finding. Under Illinois law,[4] in order for the doctrine of collateral estoppel to apply, there must have been a finding of a specific material and controlling fact in the former case, and it must conclusively appear that the issue of fact was so in issue that it was necessarily determined by the court rendering the judgment. If there is any uncertainty because more than one distinct issue of fact was presented, estoppel will not be applied. *Case Prestressing Corp. v. Chicago College of Osteopathic Medicine,* 118 Ill. App.3d 782, 785, 74 Ill.Dec. 382, 386, 455 N.E.2d 811, 815 (1st Dist.1983). A party invoking collateral estoppel must not only plead the former action as a bar, but must also prove the existence and character of the former judgment as well as its legal effect. *Edwards v. City of Quincy,* 124 Ill.App.3d 1004, 80 Ill.Dec. 142, 146, 464 N.E.2d 1125, 1129 (4th Dist.1984). This burden of proof is of clear and convincing evidence. *Lester v. Arlington Heights Federal Savings & Loan,* 130 Ill.App.3d 233, 239, 85 Ill.Dec. 619, 623, 474 N.E.2d 33, 37 (2d Dist.1985).

Thomas argues there can be no collateral estoppel effect to the trial court's finding of no threats or abuse because in Illinois if there is any discrepancy between the trial and reviewing court, the "res judicata effect applies to the reviewing court's decision." *Edwards v. Quincy,* 124 Ill. App.3d 1004, 1013, 80 Ill.Dec. 142, 149, 464 N.E.2d 1125, 1132 (4th Dist.1984). Accordingly, Thomas argues that, because the lower court's decision not to suppress his confession was reversed, all findings made by the trial court are no longer res judicata. We could find no Illinois cases which addressed the specific situation in this case, that is, where a reviewing court reverses a

---

**4.** Because we are to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the states from which they emerged, *Marrese v. American*

*Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), we must look to Illinois law to determine the collateral estoppel effect of the state court finding.

trial court's decision on one ground while not addressing the other grounds. However, it is clear under Illinois law that if the reviewing court in this case had *affirmed* on only one ground and declined to rule on the other grounds as unnecessary to its decision, those grounds would no longer be entitled to collateral estoppel effect. *Reighley v. Continental Illinois National Bank & Trust*, 323 Ill.App. 479, 489, 56 N.E.2d 328, 332 (1st Dist.1944), *aff'd*, 390 Ill. 242, 61 N.E.2d 29 (1945) ("we follow the uniform rule that our failure to pass upon the trial court's finding as unnecessary to our decision, does not leave that finding res judicata between the parties.") Thus, it would be inconsistent to have a different rule apply to situations where the reviewing court reverses on only one ground and does not address the other grounds. *Moores* states that when a judgment is reversed by an appellate court on a single ground and remanded with the other determinations of the trial court left intact; the unreversed determinations of the trial court are generally adhered to on remand, but this is an application of the doctrine of law of the case rather than collateral estoppel. 1B J. Moore, J. Lucas & T. Currier, *Moores Federal Practice* ¶ 0.416[2] (2d Ed. 1984). This is because a judgment that has been vacated, reversed or set aside on appeal is thereby deprived of all conclusive effect, both as to res judicata and as to collateral estoppel. *Id.* This is the situation in the present case. The appellate court reversed the trial court's denial of the suppression motion on the grounds that the factors cited by the lower court, other than the absence of physical abuse, were contrary to the weight of the evidence but did not specifically consider whether the

trial court's finding of no physical abuse was also against the weight of the evidence. Accordingly, we find that the trial court's finding of no physical abuse or threats to Thomas is not entitled to collateral estoppel effect.[5]

Accordingly, because we find Thomas is not precluded by collateral estoppel from relitigating the issue of whether he was subjected to physical or psychological abuse in an effort to obtain his confession, we deny the Cook County defendants' motion for partial summary judgment.

### Defendants Burke and Grode

The two defendant Chicago Police Investigators Burke and Grode seek to have Thomas' complaint dismissed or, in the alternative, that this Court require Thomas to file a more definite statement to which they can respond. Burke and Grode did not file a memorandum in support of their motion as required by Local Rule 13(b). "Failure to file a supporting memorandum ... shall not be deemed to be a waiver of the motion ... but the court on its own motion or that of a party may strike the motion...." Local Rule 13(b). The purpose of such a rule is apparent in this case. When Thomas filed its response to Burke and Grode's motion which was filed without a memorandum in support, he was essentially forced to speculate as to the nature and legal grounds of Burke and Grode's objections to his complaint. Burke and Grode then filed a reply to Thomas' response which stated they did not file a memorandum in support because "their motion is so basic that they did not think this Honorable Court would need ... a memorandum...." Although the alleged

5. Even if we did find that the trial court's statements concerning physical abuse or threats could operate with collateral estoppel effect, despite the appellate court's reversal of the ultimate issue of fact, that is whether the confession was sufficiently attenuated from the illegal arrest, it would still not apply to any claims Thomas may have for excessive force under the Fourth Amendment because it is a different factual determination whether the police used unreasonable force during his arrest. Assuming without deciding that Thomas was not a pretrial detainee, the Fourth Amendment standard for excessive force in arrest situations would apply. *See Lester v. Chicago*, 830 F.2d 706, 713 n. 7 (7th Cir.1987). The collateral estoppel effect would only apply to the part of his claim under the Fifth Amendment that the defendants sought to obtain his confession by way of physical or psychological threats, *see, e.g.* S. Nahmod, *Civil Rights and Civil Liberties Litigation* § 3.05 (3d Ed.1986), and not to his claim that as a consequence of defendants' violation of his Fourth Amendment right, his illegal arrest, he was improperly forced to confess.

deficiencies of Thomas' complaint may be obvious to Burke and Grode, they are not so obvious to this Court. Furthermore, the purpose of a detailed memorandum in support is not only to assist this Court to decide the merits, but also to apprise the responding party of the grounds in support so that they may respond to each specific ground. We now have a reply memorandum raising numerous issues to which Thomas has not had a chance to reply. Thomas did, however, mention in his response that he thought that at least one paragraph of his complaint could be amended to more specifically allege the actions of Burke and Grode. Accordingly, we direct Thomas to amend his complaint to include that specific allegation and to amend it further to attempt to satisfy those issues raised by Burke and Grode's reply. If Burke and Grode are dissatisfied with the amended complaint, they may file a second motion to dismiss and a memorandum in support with citations to *legal authority* justifying their position.

Accordingly, pursuant to our discussion above, we strike defendants Burke and Grode's motion to dismiss and direct Thomas to file an amended complaint within ten days of this order.

In conclusion, we grant in part and deny in part Simpson's motion to dismiss; we deny the Cook County defendants' motion to dismiss portions of the complaint under the doctrine of collateral estoppel; and finally, we strike defendants Burke and Grode's motion to dismiss but grant their motion for a more definite statement. Accordingly, Thomas is directed to file an amended complaint within ten days of this order. It is so ordered.